UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80826-CV-MIDDLEBROOKS

AMANDA ZACHMAN, an individual,

    Plaintiff,

v.

MARKEL AMERICAN INSURANCE COMPANY
and HOUSTON SPECIALTY INSURANCE COMPANY,

    Defendants.
_____/

### ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiff's Amended Expedited Motion for Preliminary Injunction, filed July 30, 2025. (DE 9). Plaintiff initiated this action on June 30, 2025, with the filing of a complaint seeking damages and declaratory relief regarding various insurance policies purportedly signed by Defendants MV Realty PBC, LLC, and MV Realty Holdings, LLC, two entities for which Plaintiff serves as an officer. (DE 1). Plaintiff alleges she is entitled to benefits under the policies in dispute by virtue of her role as officer of MV Realty and that Defendants have failed to defend or reimburse her in several legal actions in which she has been named in her capacity as an officer. (*Id.*). She now seeks a preliminary injunction.

At this juncture, I find it proper to deny the Motion without prejudice for at least four reasons. First, despite the Motion's designation as expedited, Defendant Markel American Insurance Company has yet to be served in this matter, and the Court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). The docket reflects that only HSIC has been served with the Complaint and Summons. (DE 8). Second, the Motion's designation as expedited is also improper because it fails to supply a decision date. (DE 9 at 14).

Third, the Motion does not sufficiently identify the scope or content of the preliminary injunction requested. Rather, the Motion references the relief sought in an exhibit, which Plaintiff has failed to attach. (DE 9 at 14). In her first Motion for Preliminary Injunction, Plaintiff also failed to clarify with particularity what injunctive relief she seeks in the attached exhibit. (DE 4-1). Finally, and relatedly, I question whether a preliminary injunction is appropriate in this context, as it may not be the proper mechanism for the relief Plaintiff seeks. "A preliminary injunction is meant to keep the status quo for a merits decision." *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022); *see also Robinson v. Attorney General*, 957 F.3d 1171, 1179 (11th Cir. 2020). *See generally* 11A Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Federal Practice and Procedure § 2948 (3d ed. 2013 & 2019 supp.) (preservation of the status quo through a preliminary injunction "is unobjectionable when used simply to articulate the desire to prevent [the] defendant from changing the existing situation to [the] plaintiff's irreparable detriment"). The instant Motion does not seek to prevent alteration of the status quo, but instead to force Defendants to pay out the benefits of their contract before the scope and duties of those contracts have been determined. Although I do not decide definitively whether injunctive relief is available on these facts, my doubts, combined with the Motion's deficiencies, supply reason for denial.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion (DE 9) is **DENIED WITHOUT PREJUDICE**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 1st day of August, 2025.

                                  Donald M. Middlebrooks
                                  United States District Judge

Copies to: Counsel of Record