UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-80826-Civ-Middlebrooks/Matthewman

AMANDA ZACHMAN, AN INDIVIDUAL,
and MV REALTY PBC, LLC, a Florida limited liability company,

  Plaintiffs,

v.

MARKEL AMERICAN INSURANCE COMPANY, a foreign corporation, and
HOUSTON SPECIALTY INSURANCE COMPANY, a foreign corporation,

  Defendants.

_____/

MARKEL AMERICAN INSURANCE COMPANY,
HOUSTON SPECIALTY INSURANCE COMPANY,

  Defendants/Counter-Plaintiffs,

v.

AMANDA ZACHMAN, MV REALTY PBC, LLC, MV REALTY HOLDINGS, LLC,
ANTONY MITCHELL, DAVID MANCHESTER, DAVID REINER, STEVEN SCOTT, and
DARRYL COOK,

  Counter-Defendants.

_____/

## ORDER ON MOTIONS REGARDING NON-PARTY DEPOSITIONS [DEs 128, 129]

**THIS CAUSE** is before the Court upon the Motion of Non-Parties Holland & Knight LLP,

Rebecca Canamero, and Jesus Cuza (collectively, "H&K") to Quash Subpoenas or, in the

Alternative, for Protective Order ("Motion to Quash") [DE 128] and Plaintiffs/Counter-

Defendants, Amanda Zachman and MV Realty PBC, LLC's (collectively, "Plaintiffs") Expedited

Motion to Compel Depositions ("Motion to Compel") [DE 129]. These matters were referred to

1

the Undersigned Chief United States Magistrate Judge by the Honorable Donald M. Middlebrooks, United States District Judge. [DE 98]. Both motions are fully briefed. *See* DEs 132, 133, 134, 135, 136. Additionally, the Court heard argument from counsel for the parties and non-parties at a lengthy hearing held via Zoom VTC on June 10, 2026.

## I. BACKGROUND

For several years, H&K represented Plaintiff/Counter-Defendant MV Realty PBC, LLC ("MV"), and provided advice in connection with its Homeowner Benefit Program. The program involved MV providing payments to homeowners for the right to be the homeowners' listing agent in any future sale of the homeowners' property. The program came under scrutiny by various state attorneys' general offices, which have sued MV for, among other things, alleged violations of consumer protection and telemarketing laws. Injunctions, financial penalties, and adverse judgments have been entered against MV in some of the suits, settlements have been reached in others, and several remain pending (collectively the "State AG Lawsuits"). Separately, however, it appears that MV obtained the insurance policies at issue in this action without H&K's advice.

In the pending lawsuit, Plaintiffs seek a declaratory judgment stating that, under the relevant insurance policies, Defendants have a duty to defend them against the State AG Lawsuits. Defendants/Counter-Plaintiffs Markel American Insurance Company ("Markel") and Houston Specialty Insurance Company seek declarations that they do not have any duty to defend due to the language in the insurance policies, the claims contained in the State AG Lawsuits, and the additional question of whether Plaintiffs made material misrepresentations when they applied for the policies. All parties have raised many affirmative defenses.

Plaintiffs sent subpoenas to testify at depositions to two of their former Holland & Knight attorneys, Jesus Cuza and Rebecca Canamero. Plaintiffs are moving under Rule 45 for an order compelling the deposition of those attorneys. H&K and the two attorney-deponents are simultaneously moving to quash the subpoenas or, in the alternative, for a protective order. The parties agree that there is no privilege issue here because Plaintiffs have waived attorney-client privilege. Therefore, the Court has no need to address any privilege issues.

In sum, H&K argues that (1) the testimony sought is not relevant to the claims and defenses in this case and (2) forcing the attorneys to testify would create an undue burden, both because they would have to review so many old documents to get up to speed to provide deposition testimony and because they are facing a possible legal malpractice action from Plaintiffs. Plaintiffs assert that the testimony sought is relevant and that there is no undue burden.

## II.   ANALYSIS

The general applicable law in cases involving whether an insurer has a duty to defend under an insurance policy is as follows. "When determining whether an insurance company has a duty to defend, courts look exclusively to 'the facts and legal theories alleged in the pleadings and claims against the insured.'" *Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304-CV, 2024 WL 999453, at *3 (S.D. Fla. Mar. 5, 2024) (Middlebrooks, J.) (citing *Lawyers Title Ins. Corp. v. JCD Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995)). "If an examination of the allegations of the complaint leaves any doubt regarding the insurer's duty to defend, the issue is resolved in favor of the insured." *Amguard Ins.,* 2024 WL 999453, at *3 (citing *Lawyers Title Ins. Corp.*, 52 F.3d at 1580–81). Furthermore, this type of insurance case is usually resolved at the dispositive motion stage. The Court addresses the pending deposition dispute with this case law in mind.

Initially, the Court notes that this case is somewhat unusual because Plaintiffs are moving for the ability to depose their own former counsel, ostensibly in order to rebut certain of Markel's affirmative defenses. H&K has moved to quash the subpoenas, and, alternatively, for a protective order. Markel has filed a response to the Motion to Quash, joining Plaintiffs' request to depose H&K. However, Markel did not issue any subpoenas to the two attorney-deponents.

"While Rule 45 does not specifically identify irrelevance as a reason to quash a subpoena, it is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020). Further, under Rule 45(a)(3)(iv), the Court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(a)(3)(iv). In analyzing undue burden, the court should consider factors such as the admissibility or relevance of the information requested and the burden imposed by producing it. *Jordan*, 947 F.3d at 1337 (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). Rule 26(c) states that, a court, "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c). Further, relevancy and proportionality are governed by Rule 26(b)(1).

At the hearing, Plaintiffs orally limited the areas of testimony sought from the two attorney-deponents to (1) the advice H&K gave Plaintiffs about the Homeowner Benefit Program and operation of that program (including the Homeowner Benefit Agreement, which was challenged by the AGs), and whether or not the program and agreement were legal and appropriate and/or created issues for company; (2) what Plaintiffs were told about AG investigations prior to 8/28/22 (the first date of coverage under Markel's policy) to determine if any claim falls within or outside

of Markel's policy coverage period; and (3) Plaintiffs' intent as it pertains to violating the law and/or making misrepresentations to Markel. Plaintiffs cited the following to support their position. First, in the Markel insurance policy filed at DE 42-1, under "representations," the policy states in relevant part that:

> The Insureds represent and acknowledge that the representations, statements and information contained in the Application are true and complete, are the basis of this policy and are to be considered as incorporated into and constituting a part of this policy. The Insurer has relied upon the representations, statements and information contained in the Application, including materials attached thereto, completed by or on behalf of the Parent Company designated in Item 1. of the Declarations and such application(s) is/are made a part of this policy and operates as the Insurer's own Application. This policy is issued in reliance upon the truth and completeness of such representations.

DE 42-1 at 18. Second, in Markel's Counterclaim, it notes that "loss" in the insurance policy at issue is defined as

> the total amount the **Insured** becomes legally obligated to pay on account of covered **Claims** made against them, including, but not limited to, damages (including punitive, exemplary or multiple damages), judgments, any award of pre-judgment and post-judgment interest with respect to covered damages, settlements, **Claim Expenses** and civil money penalties assessed against an **Insured**: **(i)** pursuant to Section 2(g)(2)(B) of the Foreign Corrupt Practices Act, 15 U.S.C. §78dd-2(g)(2)(B); or **(ii)** for a violation of any federal, state, local or foreign law if such violation is not knowing or willful.

[DE 50 at 36-37]. Third, Markel has asserted multiple affirmative defenses in this case. The Fourteenth Affirmative Defense states that "Plaintiffs made material misrepresentations in its insurance application to procure the MAIC Policy, which precludes coverage under the MAIC Policy." [DE 50 at 22]. And, similarly, the Eighteenth Affirmative Defense states that "Plaintiffs' claims for relief in equity are barred by Plaintiffs' own unclean hands." *Id.* at 23.

The Court has carefully considered the above in conjunction with the parties' written and oral arguments. First, the Court notes that it is determining discoverability and not admissibility at

this juncture. Merely because the Court may permit the depositions to proceed on a limited basis does not mean that such deposition testimony will be admissible or probative at summary judgment or trial. Thus, H&K's arguments that the deposition subpoenas should be quashed because the best evidence is the already-produced documents and emails is not very persuasive. The Court will determine admissibility of any documents or testimony at a later date. This Order only deals with discovery as it relates to the two depositions.

Second, to the extent Markel now argues that H&K's testimony is relevant, the Court notes that Markel was not the party who sought to depose H&K. Markel is quite late to the party on this issue as the discovery cutoff date is July 2, 2026, and Markel has never itself issued any subpoenas for the deposition testimony of the two attorneys. Frankly, it is quite clear to the Court that, if Plaintiffs had not sought to depose the two attorney-deponents, Markel would never have done so. Thus, it appears that Markel is attempting to ride the coattails of Plaintiffs on this issue. Further, the Court finds that the great majority of the four proffered deposition topics stated by Markel at the hearing are not truly relevant or proportional in light of the general law cited above regarding the duty to defend in insurance coverage cases. Specifically, one area proffered by Markel, the issue of whether claims are interrelated or not, is not something that the attorney-deponents can testify to as they are not expert witnesses and that issue can be determined by the Court by examining the policy language and the underlying claims. Other issues proffered by Markel— whether Plaintiffs engaged in consumer fraud and acted knowingly and willfully—seemingly call for opinion testimony from the two attorneys despite the fact that they are being called only as fact witnesses. The only arguably proper issue proffered by Markel is whether, as a factual matter, any

claims were asserted against Plaintiffs before Markel's policy coverage began and any related notice issues.

Third, the pleadings do not contain any advice of counsel theories or defenses; thus, to the extent Plaintiffs seek to elicit testimony about advice H&K gave Plaintiffs regarding the Homeowner Benefit Program, the operations of that program, and whether or not the program was legal and appropriate, this is not really a relevant topic area for the attorney depositions. Further, this topic area is overly broad, seeks irrelevant information in this insurance coverage dispute, and would create undue burden in terms of H&K's deposition preparation and the possible legal malpractice issues that are brewing.

On the other hand, Plaintiffs are entitled to obtain testimony or evidence to rebut the affirmative defenses asserted by Markel. Although those pending affirmative defenses may ultimately not be found to be viable, they are pending at this time, and, therefore, the Court must consider them for relevancy and proportionality purposes under Rule 26(b)(1). Factual testimony (as opposed to opinion testimony) from the two attorneys that is relevant and proportional to the pending claims and defenses will be permitted, but the Court finds that such testimony is quite limited in this insurance coverage dispute. More specifically, what H&K told Plaintiffs about the AG investigations or claims made prior to 8/28/22 (if anything) is arguably relevant to rebut Defendants' affirmative defense and argument that Plaintiffs should have disclosed this information to Markel earlier or that the investigations or claims fall outside of Markel's policy coverage period. Further, at the hearing, after lengthy argument and discussions, counsel for H&K made some reasonable concessions regarding the topic areas of the depositions if the Court permits them to go forward. H&K's counsel argued that, if the subpoenas for the depositions are not

quashed, which is the primary request, the deposition areas should be limited to: (1) what H&K advised MV regarding the claims from the regulatory bodies and the AGs prior to 8/28/22; (2) what conversations H&K had with MV about the claims made by the regulatory bodies and the AGs prior to 8/28/22; (3) any advice H&K gave MV about what disclosures to make when obtaining the insurance policies at issue in this lawsuit; and (4) the date when H&K received any consumer complaints and when they were transmitted/disclosed to MV. The Court agrees that these four topics are appropriate.

However, the Court will not permit Plaintiffs or any other party to seek to obtain opinion testimony from the two attorney-deponents as they are merely fact witnesses to the limited factual issues permitted by the Court. That is, the Court will not permit the parties to ask the two attorneys their opinions as to whether the Plaintiffs violated any law or regulation, made any misrepresentations, or acted knowingly and willfully. The two attorneys are merely fact witnesses to very discrete and limited issues in this insurance coverage case.

In order to avoid any undue burden to H&K and ensure that the deposition testimony is relevant and proportional under Rule 26(b)(1), the Court will limit the depositions of the two prior counsel to the topic areas described in this Order. Also, the Court will not permit any opinions to be elicited as the attorneys are merely fact witnesses. Further, the Court will limit each of the depositions to a maximum of 3.5 hours, which is more than sufficient for the limited topic areas permitted. The Court expects and orders that the attorneys will act in good faith as professional, ethical attorneys and adhere to the letter and spirit of this Order when proceeding with the depositions. The depositions will not be permitted to devolve into a discovery fishing expedition into purported legal malpractice allegations or similar alleged or purported potential claims. This

8

insurance coverage lawsuit is simply not the place for such interrogation.

### III.    CONCLUSION

In light of the foregoing, the Court ORDERS as follows:

1. The Motion of Non-Parties Holland & Knight LLP, Rebecca Canamero, and Jesus Cuza to Quash Subpoenas or, in the Alternative, for Protective Order [DE 128] is **GRANTED IN PART AND DENIED IN PART**, as stated in this Order.

2. Plaintiffs' Expedited Motion to Compel Depositions [DE 129] is **GRANTED IN PART AND DENIED IN PART**, as stated in this Order.

3. Plaintiffs may depose Rebecca Canamero, and Jesus Cuza solely on the topics listed in this Order. The depositions shall each be limited to 3.5 hours. The Court reminds the parties that the discovery cutoff date in this case is July 2, 2026.

**ORDERED and ADJUDGED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of June 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge

9