**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.: 9:25-CV-80826-DMM

AMANDA ZACHMAN, an individual,
and MV REALTY PBC, LLC, a Florida
limited liability company,

        Plaintiffs,

v.

MARKEL AMERICAN INSURANCE
COMPANY, a foreign corporation, and
HOUSTON SPECIALTY INSURANCE
COMPANY, a foreign corporation,

        Defendants.

---

MARKEL AMERICAN INSURANCE
COMPANY, et al.,

        Defendants/Counter-Plaintiffs,

v.

AMANDA ZACHMAN, MV REALTY PBC,
LLC, MV REALTY HOLDINGS, LLC,
ANTONY MITCHELL, DAVID MANCHESTER,
DAVID REINER, STEVEN SCOTT, and
DARRYL COOK,

        Counter-Defendants.

---

**MARKEL AMERICAN INSURANCE COMPANY'S
MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS
OF NON-PARTIES HOLLAND & KNIGHT LLP, JESUS CUZA, AND
REBECCA CAÑAMERO, AND FOR LEAVE TO RESUME THEIR DEPOSITIONS**

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800  Fax: (305) 530-0801

Case No.: 9:25-CV-80826-DMM

Defendant/Counter-Plaintiff Markel American Insurance Company ("MAIC") moves to compel non-party witnesses Jesus Cuza and Rebecca Cañamero to answer deposition questions that were within the express scope of this Court's June 12, 2026 Order [DE 138], and for leave to resume each deposition for ninety minutes. In support, MAIC states as follows.

<strong><u>INTRODUCTION</u></strong>

The Court's June 12, 2026 Order authorized factual testimony from former Holland & Knight ("H&K") attorneys Jesus Cuza and Rebecca Cañamero concerning what H&K advised or discussed with MV Realty before August 28, 2022 regarding regulatory-body and attorney-general claims, insurance disclosures, and consumer complaints. The Court recognized that H&K represented MV Realty in connection with the Homeowner Benefit Program, which later became the subject of regulatory scrutiny and State Attorney General lawsuits (the "AG Lawsuits"), and permitted testimony on four factual topics: what H&K advised MV Realty about regulatory-body and attorney-general claims before August 28, 2022; what conversations H&K had with MV Realty about those claims before that date; any advice concerning disclosures when obtaining the insurance policies at issue; and when H&K received consumer complaints and transmitted or disclosed them to MV Realty. The Court barred opinion testimony on whether MV Realty violated any law, made misrepresentations, or acted knowingly and willfully, but it did not bar factual testimony about communications, advice, warnings, discussions, or information conveyed to MV Realty.

Despite that Order, both at Jesus Cuza and Rebecca Cañamero's depositions, H&K counsel repeatedly instructed both witnesses not to answer questions seeking that same information, including what MV Realty was told about attorney-general investigations, litigation risk, potential

2

lawsuits, insurance notice, and related exposure.[1] Because the challenged questions sought facts within the Court-authorized topics, not legal opinions, and no privilege basis existed to withhold the answers, MAIC respectfully requests that the Court compel the witnesses to answer and permit each deposition to resume for ninety minutes.

## **MEMORANDUM OF LAW**

### A. Legal Standard

Federal Rules of Civil Procedure 37(a)(3)(B)(i) and 30(c)(2) authorize a motion to compel when a deponent fails to answer and require deposition testimony to proceed subject to objection unless an instruction not to answer is necessary to preserve a privilege, enforce a court-ordered limitation, or present a Rule 30(d)(3) motion. Rule 30(d) further permits additional deposition time and appropriate sanctions when a deponent, counsel, or other circumstance impedes, delays, or frustrates a fair examination.

### B. Legal Argument

The Court's first two permitted topics authorize testimony about "what H&K advised MV regarding the claims from the regulatory bodies and the AGs prior to 8/28/22" and "what conversations H&K had with MV about the claims made by the regulatory bodies and the AGs prior to 8/28/22." [DE 138] Questions asking whether H&K told MV Realty before August 28, 2022 that it could be sued, was likely to be sued, faced litigation risk, faced monetary exposure, or should provide insurance notice fall squarely within those topics because they seek testimony as to what H&K communicated to MV Realty about regulatory-body and attorney-general claims, not whether MV Realty actually violated law, made misrepresentations, or acted knowingly and

---

[1] *See* **Exhibit A**: Cuza Dep. 86:22-25; 94:20-21; 95:2-3; 95:9-10; 117:21-22; 118:4-5; 118:13; 120:17-19; 120:24-25; 123:9-10; 123:15; 123:22-23. *see also* **Exhibit B**: Cañamero Dep. 60:4-5; 60:13-21; 61:3-5; 66:18-19; 72:9-10; 72:20; 76:6-7; 77:6; 80:2; 81:7-8; 93:23-24; 94:17-18; 96:4-5; 97:25–98:1; 98:8; 98:13-14.

willfully.

The disputed questions are relevant and proportional to the MAIC policy and Counterclaims because the Court has already held that what H&K told MV Realty before August 28, 2022 about attorney-general investigations or claims bears on MAIC's defenses concerning earlier disclosure, policy timing, covered loss, alleged material misrepresentations, and unclean hands. Questions asking whether H&K advised MV Realty that attorney-general investigations could lead to litigation, implicated consumer-protection statutes, created regulatory exposure, or should be noticed to insurance carriers go directly to those issues and to the same coverage-period and disclosure matters identified in the Court's Order. [DE 138]

The Court prohibited opinion testimony on whether MV Realty violated law or regulation, made misrepresentations, or acted knowingly and willfully; it did not prohibit questions asking what H&K told MV Realty before August 28, 2022 regarding legal-compliance issues, potential lawsuits, litigation risk, consumer-protection concerns, insurance-notice considerations, or personal exposure. Those questions seek facts, what was said, by whom, to whom, and when, and counsel cannot recast them as improper legal-opinion questions merely because they used terms such as "likely," "risk," "could be sued," "potential," "significance," "import," or "notice."

H&K counsel's repeated instructions not to answer materially impeded both depositions by preventing testimony on the core topics the Court authorized, including H&K's communications with MV Realty about regulatory suits, attorney-general investigations, litigation risk, insurance notice, consumer complaints, and exposure. Because those instructions consumed the limited deposition time and blocked examination on permitted topics, it is respectfully submitted that an additional ninety minutes for each witness is proportional and necessary to complete the examination fairly.

Case No.: 9:25-CV-80826-DMM

## CONCLUSION

For all of the foregoing reasons, MAIC respectfully requests that the Court overrule H&K counsel's objections and instructions not to answer, compel Jesus Cuza and Rebecca Cañamero to answer questions within the Court's four permitted topics, and permit each deposition to resume for ninety (90) minutes, together with such other, different, or further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), counsel for MAIC has conferred with counsel for MV Realty and with counsel for HSIC regarding the relief sought in this Request. MV Realty and HSIC do not object to the relief sought in this Motion.

DATED this 14th day of July 2026.

Respectfully submitted,

**KAPLAN ZEENA LLP**
*Attorneys for Plaintiff, Markel*
*American Insurance Company*
2 South Biscayne Blvd., Suite 3050
Miami, Florida 33131
Telephone: (305) 530-0800
Facsimile: (305) 530-0801

By: */s/ James M. Kaplan*
JAMES M. KAPLAN
Florida Bar No.: 921040
james.kaplan@kaplanzeena.com
elizabeth.salom@kaplanzeena.com
service@kaplanzeena.com
KIMBERLY S. HEIFFERMAN
Florida Bar No.: 055996
kimberly.heifferman@kaplanzeena.com
maria.escobales@kaplanzeena.com

Case No.: 9:25-CV-80826-DMM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July 2026, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

By: */s/ James M. Kaplan*
James M. Kaplan