## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

AMANDA ZACHMAN, an individual,
and MV REALTY PBC, LLC, a Florida
limited liability company,

                  Case No.: 2025-CV-80826-DMM

        Plaintiffs,

v.

MARKEL AMERICAN INSURANCE
COMPANY, a foreign corporation, and
HOUSTON SPECIALTY INSURANCE
COMPANY, a foreign corporation,

        Defendants.

_____/

MARKEL AMERICAN INSURANCE
COMPANY and HOUSTON SPECIALTY
INSURANCE COMPANY,

        Counter-Plaintiffs,

v.

AMANDA ZACHMAN, MV REALTY PBC,
LLC, MV REALTY HOLDINGS, LLC,
ANTONY MITCHELL, DAVID
MANCHESTER, DAVID REINER, STEVEN
SCOTT, and DARRYL COOK,

        Counter- and Third-Party Defendants.

_____/

### PLAINTIFFS' AND COUNTER-DEFENDANTS' JOINDER TO DEFENDANTS' AND COUNTER-PLAINTIFFS' MOTION TO COMPEL TESTIMONY OF JESUS CUZA AND REBECCA CANAMERO

Plaintiffs and Counter-Defendants, AMANDA ZACHMAN, MV REALTY PBC,

LLC, MV REALTY HOLDINGS, LLC, ANTONY MITCHELL, DAVID MANCHESTER,

1

DAVID REINER, STEVEN SCOTT, AND DARRYL COOK (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully join the Motion to Compel Answers to Deposition Questions [Dkt. 145] filed by the Defendants, and move this Court for an order requiring non-party witnesses Jesus Cuza and Rebecca Canamero to answer questions on topics permitted by Chief Magistrate Judge Matthewman's June 12, 2026 Order on Motions Regarding Non-Party Depositions [Dkt. 138].

For the reasons stated in the Defendants' motion, Plaintiffs seek an additional ninety minutes with each witness to ask questions specifically targeted at "what H&K told Plaintiffs about the AG investigations or claims made prior to 8/28/22," "what H&K advised MV regarding the claims from the regulatory bodies and the AGs prior to 8/28/22," and "what conversations H&K had with MV about the claims made by the regulatory bodies and the AGs prior to 8/28/22." Dkt. 138 at 7 and 8.

As identified in Footnote 1 of Defendants' motion [Dkt. 145], Counsel for Holland & Knight instructed these witnesses not to answer many questions squarely within these topic areas. For example, Plaintiffs' counsel instructed Ms. Canamero not to answer the following question, which is central to this litigation and safely within the bounds of the Court's June 12 Order:

> Now, we've gone through a number of investigative demands and subpoenas that MV received prior to August 28, 2022. Some of them reference potential consumer protection violations or they reference consumer protection laws. At any point in time prior to August 28, 2022 did anyone at MV - - excuse me, did anyone at Holland & Knight tell MV Realty that they were likely to be sued by an attorney general's office?

Dkt. 145, Exhibit B at 76-77; *see also* Exhibit B at 78-87. Plaintiffs respectfully ask the Court to order Mr. Cuza and Ms. Canamero to answer essential questions like this that Holland & Knight's counsel prohibited them from answering. Should Plaintiffs obtain testimony relevant to the

upcoming summary judgment briefing in this case, Plaintiffs would seek leave to supplement its briefing with testimony from these witnesses.

Plaintiffs make this motion after conferring in good faith with Holland & Knight's counsel during the depositions about the parties' respective positions and the likelihood of seeking the Court's intervention in this matter.

Respectfully submitted,

AXS LAW GROUP, PLLC
3050 Biscayne Boulevard
Miami, Florida 33137
Telephone: (305) 297-1878

By: /s/ Jeffrey W. Gutchess
Jeffrey W. Gutchess, Esq.
Florida Bar No. 702641
jeff@axslawgroup.com
eservice@axslawgroup.com
Counsel for Plaintiffs and Counter-Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2026, a true and correct copy of the foregoing was served by electronic mail upon all counsel of record, including counsel for Markel American Insurance Company at Kaplan Zeena LLP (james.kaplan@kaplanzeena.com; kimberly.heifferman@kaplanzeena.com) and counsel for Holland & Knight LLP (pprieto@podhurst.com).

By: /s/ Jeffrey W. Gutchess
Jeffrey W. Gutchess, Esq.