**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 25-CV-80826-MIDDLEBROOKS

AMANDA ZACHMAN, an individual,
and MV REALTY PBC, LLC, a Florida
limited liability company,

      Plaintiffs,

v.


MARKEL AMERICAN INSURANCE
COMPANY, a foreign corporation, and
HOUSTON SPECIALTY INSURANCE
COMPANY, a foreign corporation,

      Defendants.

_____

MARKEL AMERICAN INSURANCE COMPANY, et al.

      Defendants/Counter-Plaintiffs,

v.

AMANDA ZACHMAN, MV REALTY PBC, LLC,
MV REALTY HOLDINGS, LLC, ANTONY MITCHELL,
DAVID MANCHESTER, DAVID REINER, STEVEN SCOTT,
and DARRYL COOK

      Counter-Defendants.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO FILE EXHIBITS UNDER SEAL**

      THIS CAUSE comes before the Court on Defendant/Counter-Plaintiff, Markel American

Insurance Company's (MAIC), Unopposed Motion to for Leave to File Exhibits Under Seal, filed

on July 13, 2026. (DE 144). Defendant indicates that Plaintiffs and Defendant Houston Specialty

Insurance Company do not oppose the Motion. (*Id.* at 7).

Defendant moves for leave to file certain exhibits under seal. Specifically, Defendant seeks to file under seal a Summary of approximately forty (40) Claims that MAIC contends were first made prior to the disputed policy's inception, and attachments labeled Exhibits "1.1" to "41.5" to the Summary because they contain potentially personal information of the individual consumers involved in bringing the claims against the Plaintiffs/Counter-Defendants. (DE 144 at 4).

I will not seal the Summary and its attached exhibits because the Defendant's motion does not provide sufficient grounds to warrant it. The common law right of access may be overcome by a showing of good cause, which requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007). The Parties must show extraordinary circumstances to deny the public access to the Summary and its attached exhibits. *See Brown v. Advantage Eng'g Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances . . . , the court file must remain accessible to the public."). The mere fact that it references consumers who were involved in bringing claims against the Plaintiffs is insufficient to overcome the right to public access.

However, I will permit redaction of the exhibits under Local Rule 5.4(f) to the extent that the requested Summary and its exhibits contain identifying information of third parties who are not parties to this action. This information would appear to be suitable for redaction, as opposed to sealing, because Defendants have not articulated any necessity for the inclusion of such information for purposes of my adjudication of the Defendant's motion for summary judgment.

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. Defendant/Counter-Plaintiff MAICS's Unopposed Motion to for Leave to File Exhibits Under Seal (DE 144) is **DENIED**.

2.  Defendant/Counter-Plaintiff MAIC should redact identifying information from its forthcoming filing of the Summary and attachments.

**SIGNED** in Chambers, at West Palm Beach, Florida, this 15th day of July, 2026.

Donald M. Middlebrooks
United States District Judge

cc.

Counsel of Record