**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:25-cv-80826-DMM

AMANDA ZACHMAN, an individual,
and MV REALTY PBC, LLC, a Florida
limited liability company,

      *Plaintiffs*,

v.

MARKEL AMERICAN INSURANCE
COMPANY, a foreign corporation, and
HOUSTON SPECIALTY INSURANCE
COMPANY, a foreign corporation,

      *Defendants*.

_____/

MARKEL AMERICAN INSURANCE
COMPANY, et al.,

      *Defendants/Counter-Plaintiffs*,

v.

AMANDA ZACHMAN, MV REALTY PBC,
LLC, MV REALTY HOLDINGS, LLC,
ANTONY MITCHELL, DAVID MANCHESTER,
DAVID REINER, STEVEN SCOTT, and
DARRYL COOK,

      *Counter-Defendants*.

_____/

**PLAINTIFFS AND COUNTER-DEFENDANTS'**
**OMNIBUS MOTION IN LIMINE**

Plaintiffs and Counter-Defendants hereby submit the following motions in limine and

thereby seek the relief requested herein to preclude Defendant and Counter-Plaintiff Markel

1

American Insurance Company ("Markel") from admitting certain evidence in the trial of this matter.

### MOTION TO PRECLUDE THE ADMISSION OF EVIDENCE OF PLAINTIFFS' AND COUNTER-DEFENDANTS' STATE OF MIND

When Chief Magistrate Judge Matthewman considered cross-motions from Plaintiffs and Holland & Knight LLP regarding proposed depositions of third-party witnesses at Holland & Knight (Dkt. 128 and 129), the Court quoted Judge Middlebrooks' opinion in the *Super Winn Nail Spa* case: "When determining whether an insurance company has a duty to defend, courts look exclusively to 'the facts and legal theories alleged in the pleadings and claims against the insured." Dkt. 138 at 3, *quoting Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304-CV, 2024 WL 999453, at *3 (S.D. Fla. Mar. 5, 2024).

Any attempt by Markel to admit evidence of bad acts or bad intent beyond the actual claims against the insured would seek the admission of irrelevant and unduly prejudicial evidence that should be excluded under Rules 402 and 403 of the Federal Rules of Evidence. This would include any testimony or electronic communications involving MV Realty employees that are being admitted to assert that MV Realty employees were acting unlawfully.

Not only is this evidence irrelevant and unduly prejudicial, it would waste the time of the jury and the Court. If such evidence were admitted, it would require MV Realty to present rebuttal evidence to prove that MV Realty and its employees (including the insureds in this lawsuit) never knowingly violated the law because they relied heavily on the advice of their lawyers—including lawyers at Holland & Knight LLP who were paid millions of dollars to advise MV Realty on every aspect of its Homeowner Benefit Program—in engaging in their business. This would create a trial-within-a-trial on an issue that Judge Middlebrooks already limited MV Realty from addressing in discovery. Dkt. 138. Not only would it be unfair to now permit Defendants to delve

2

into this topic at trial given the limitations placed on Plaintiffs in discovery, it would require days'-worth of testimony to adequately address highly prejudicial evidence.

## MOTION TO PRECLUDE HEARSAY EVIDENCE PERTAINING TO THE ATTORNEY GENERAL SUITS

The claims in this matter are Attorney General lawsuits filed in states around the country. Upon filing these suits, the Attorney General offices issued announcements concerning those suits in which allegations were repeated and, in many cases, characterized in a highly prejudicial manner.

This evidence is not only inadmissible hearsay and secondary to the underlying Attorney General complaints that serve as the actual claims in this case, it is also irrelevant and unduly prejudicial. As with the evidence described immediately above, the admission of such prejudicial hearsay evidence would require substantial rebuttal evidence regarding Plaintiffs' lack of bad intent and the extensive advice that they received from Holland & Knight and many other law firms prior engaging in business in states around the country. Getting into this evidence would waste the time of the jury and the Court.

## MOTION TO PRECLUDE EVIDENCE FROM MARKEL'S UNDERWRITING FILE

Markel should be precluded from introducing any documents, testimony, or argument derived from its underwriting file to support its coverage denial because Markel refused to produce that file in discovery. Federal Rule of Civil Procedure 37(c)(1) provides a self-executing sanction: when a party fails to disclose or produce information required by Rule 26(a) or (e), the party is not allowed to use that information at a trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The burden to show harmlessness or substantial justification rests with the nondisclosing party, and the Court has broad discretion to exclude the evidence. *See, e.g.*,

*Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).  Here, having withheld the underwriting file in discovery, Markel cannot now rely on it at trial.

Independently, the Court should exclude any evidence stemming from the underwriting file under the well-established "sword-and-shield" doctrine.  The Eleventh Circuit has held that a party may not inject an issue and rely on withheld materials while preventing the opponent from testing that evidence through discovery.  *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762–63 (11th Cir. 1987).  Courts in this District likewise reject selective reliance on withheld materials as fundamentally unfair and find implied waiver where a party affirmatively relies on such information.  *See QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689–91 (S.D. Fla. 2012).  Allowing Markel to rely on underwriting-file information during trial after refusing its production would improperly permit a one-sided use of undisclosed evidence.

Finally, to the extent Markel has contended that the underwriting materials were not discoverable in a pure coverage dispute, that position cannot be reconciled with Markel's attempt to use those same materials to justify denial at trial.  That is to say: Markel's intended use confirms relevance and triggers preclusion and/or waiver.  *See Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 698 & n.4 (S.D. Fla. 2007).  The appropriate remedy is exclusion of any underwriting-file-derived exhibits, testimony, or argument, and, if necessary, additional relief authorized by Rule 37(c)(1), including fees and/or an instruction regarding Markel's nondisclosure.  Fed. R. Civ. P. 37(c)(1).

Respectfully Submitted,

**AXS LAW GROUP, PLLC**
3050 Biscayne Boulevard
Miami, Florida 33137
Telephone: (305) 297-1878

By: /s/ Jack Flagg
Jack Flagg, Esq.
Florida Bar No. 1053709
jack@axslawgroup.com
eservice@axslawgroup.com

**Meiler Law, PA**
3000 Biscayne Blvd., Suite 100
Miami, FL 33137
Telephone: (305) 770-6098

By: /s/ Michal Meiler
Michal Meiler, Esq.
Florida Bar No. 86522
mmeiler@meilerlaw.com
service@meilerlaw.com

*Co-Counsel for Plaintiffs and Counter-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on July 23, 2026 on all counsel of record.

/s/ Jack Flagg
Jack Flagg, Esq.

5