**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 9:25-CV-80826-DMM

AMANDA ZACHMAN, an individual, and MV REALTY PBC, LLC, a Florida limited liability company,

Plaintiffs,

v.

MARKEL AMERICAN INSURANCE COMPANY, a foreign corporation, and HOUSTON SPECIALTY INSURANCE COMPANY, a foreign corporation,

Defendants.

---

MARKEL AMERICAN INSURANCE COMPANY, et al.,

Defendants/Counter-Plaintiffs,

v.

AMANDA ZACHMAN, MV REALTY PBC, LLC, MV REALTY HOLDINGS, LLC, ANTONY MITCHELL, DAVID MANCHESTER, DAVID REINER, STEVEN SCOTT, and DARRYL COOK,

Counter-Defendants.

---

**MARKEL AMERICAN INSURANCE COMPANY'S**
**<u>BILLS OF COSTS AND SUPPORTING MEMORANDUM</u>**

Defendant/Counter-Plaintiff, Markel American Insurance Company ('MAIC"), by and through undersigned counsel, and pursuant to Local Rule 7.3 and Federal Rule of Civil Procedure

54, hereby files its Bill of Costs and Supporting Memorandum, and, in support thereof, states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On June 30, 2025, Plaintiff Amanda Zachman ("Zachman") initiated this action against the Defendants. (ECF No. 1.)

2. On September 4, 2025, Zachman and a new Plaintiff, MV Realty PBC, LLC ("MV PBC") (together, "Plaintiffs") filed an amended complaint. (ECF No. 24.)

3. On October 8, 2025, Plaintiffs filed a Second Amended Complaint. (ECF No. 42).

4. On October 22, 2025, the MAIC filed counterclaims against Plaintiffs, and also named the following new counter-defendants: MV Realty Holdings, LLC ("MV Holdings"); Antony Mitchell ("Mitchell"); David Manchester ("Manchester"); David Reiner ("Reiner"); Steven Scott ("Scott"); and Darryl Cook ("Cook") (together, "Counter-Defendants"). (ECF No. 50).

5. On July 16, 2026 MAIC filed a Motion for Summary Judgment and Incorporated Memorandum of Law (ECF No. 152); and Plaintiffs/Counter-Defendants' filed their Motion for Partial Summary Judgment. (ECF No. 155).

8. On September 1, 2025, the Court entered an Order on Cross Motions for Summary Judgment granting the MAIC's Motion for Summary Judgment and denying Plaintiffs/Counter-Defendants' Motion for Partial Summary Judgment (ECF No. 188), and on September 3, 2026, entered a Final Judgment in favor of MAIC and against Plaintiffs/Counter-Defendants (ECF No. 190).

9. Accordingly, MAIC is the prevailing party and is now entitled to recover taxable costs from Plaintiffs/Counter-Defendants.

**SUPPORTING MEMORANDUM**

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part:

> **(1)** ***Costs Other Than Attorney's Fees.*** Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.

As reflected above, because MAIC has prevailed in this action (*see* ECF No. 190), MAIC is entitled to an award of taxable costs. *See* Fed. R. Civ. P. 54(d); *DIS Investments, LLC v. Great Lakes Insurance SE*, Case No. 23-23363-CIV-WILLIAMS/D'ANGELO, 2025 WL 1730296, at *2 (S.D. Fla. June 18, 2025) (" '[T]here is no question' that a party in whose favor the district court granted summary judgment is a prevailing party for purposes of Rule 54(d)(1).") (quoting *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (citation omitted)).

Local Rule 7.3(c) states as follows:

> A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920. Prior to filing the bill of costs, the moving party shall confer with affected parties under the procedure outlined in S.D.Fla.L.R.7.1(a)(3) in a good faith effort to resolve the items of costs being sought.

28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees under section 1923 of this title;

> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

It is respectfully submitted that the taxable costs sought by MAIC in its Bill of Costs (including supporting documentation), attached hereto as **Exhibits "A"** and **"B"**, were reasonably incurred and awardable under 28 U.S.C. § 1920.

## CONCLUSION

For each of the foregoing reasons, Defendant/Counter-Plaintiff, Markel American Insurance Company, respectfully request the Court enter an Order:

(a) awarding MAIC $17,770.24 in taxable costs; and

(b) granting such other, further and different relief as the Court deems just and proper.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Fla. Local Rules 7.1(a)(3) and 7.3(c), counsel for the Defendant/Counter-Plaintiff has conferred in good faith with counsel for Plaintiffs/Counter-Defendants regarding its Bill of Costs via videoconference on September 9, 2026 and subsequent emails. Plaintiffs/Counter-Defendants oppose Defendant/Counter-Plaintiff's Bill of Costs.

By: */s/ James M. Kaplan*
James M. Kaplan

Dated this 15th day of September 2026.

Respectfully Submitted,

**KAPLAN ZEENA LLP**
*Attorneys for Defendant/Counter-Plaintiff*
*Markel American Insurance Company*
2 South Biscayne Boulevard
Suite 3050
Miami, Florida 33131
Telephone: (305) 530-0800
Facsimile: (305) 530-0801

By: */s/ James M. Kaplan*
James M. Kaplan
Florida Bar No.: 921040
james.kaplan@kaplanzeena.com
elizabeth.salom@kaplanzeena.com
Kimberly S. Heifferman, Esq.
Florida Bar No.: 055996
kimberly.heifferman@kaplanzeena.com
Maria C. O'Farrell
maria.ofarrell@kaplanzeena.com
Florida Bar No.: 1031884

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of September 2026, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

By: */s/ James M. Kaplan*
James M. Kaplan